UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CARI M.,

Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security

Defendant.

Case No.: 3:25-cv-01246-JLB

**ORDER GRANTING JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. §§ 1920; 2412**

[ECF No. 28]

Before the Court is the parties' Joint Motion for the Award of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act ("EAJA"), 26 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. §§ 1920; 2412. (ECF No. 28.) For the reasons set forth below, the Joint Motion is **GRANTED IN PART**.

## I. BACKGROUND

On May 14, 2025, Plaintiff Cari M. ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security (the "Commissioner") denying her application for benefits under the Social Security Act, Title II and Title XVI. (ECF No. 1.) On July 14, 2025, the Commissioner

filed the administrative record. (ECF No. 9.) On September 3, 2026, the Court granted Plaintiff's merits brief, reversed the decision of the Commissioner, and remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 26.) The Clerk of Court promptly entered final judgment in favor of Plaintiff. (ECF No. 27.)

On November 5, 2026, the parties filed the instant Joint Motion requesting the Court award Plaintiff attorney's fees and expenses in the amount of $5,300.00. (ECF. No 28 at 1.) The amount "represent[s] compensation for all legal services rendered on behalf of [Plaintiff] by counsel in connection with this civil action[.]" (*Id.* at 1–2.)

## II. THRESHOLD ISSUE OF TIMELINESS

The prevailing party is eligible to seek attorney's fees within thirty (30) days of final judgment in an action. 28 U.S.C. § 2412(d)(1)(B). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (internal citation omitted) (citing *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993)). Under Federal Rule of Appellate Procedure 4(a)(1)(B), if one of the parties to the action is a United States officer sued in an official capacity, the time for appeal expires sixty (60) days after entry of judgment. Therefore, a motion for attorney's fees filed after a sentence four remand is timely if filed within thirty (30) days after Rule 4(a)'s appeal period has expired. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

Even where the appeals period has not yet run, an application for EAJA attorney fees is timely, as long as "(1) the applicant files *no more than* 30 days after final judgment, and (2) the applicant is able to show that he or she 'is a prevailing party and is eligible to receive an award under this subsection.'" *Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1393 (9th Cir. 1986) (emphasis added) (quoting 28 U.S.C. § 2412(d)(1)(B); *see also Schaefer,* 509 U.S. at 302 ("An EAJA application may be filed *until* 30 days after a judgment becomes 'not appealable' – i.e., 30 days after the time for

appeal has ended.") (emphasis added). The Appellate Court in *Auke Bay* further clarified that an application for EAJA fees that is filed before judgment is final is nonetheless timely where "a court order substantially grants the applicant's remedy before final judgment is entered." *Auke Bay*, 779 F.2d at 1393. *See, e.g., Sergio C. v. Kijkazi,* No. 3:20-cv-02770-AHG, 2022 WL 1122847, at *2 (S.D. Cal. Apr. 14, 2022) (applying *Auke Bay* to conclude plaintiff's EAJA fee application in a Social Security case was not premature as the court had remanded for payment of benefits notwithstanding the application being filed before the sixty (60) day appeal period had run).

Here, this Court entered judgment remanding the matter for additional administrative proceedings on August 24, 2026. (ECF No. 23.) Judgment was entered on September 4, 2026. On November 5, 2026, the parties filed the Joint Motion, sixty-two (62) days after judgment was entered, and within thirty (30) days after Rule 4(a)'s appeal period expired. (ECF No. 28). The judgment provided the substantial relief prayed for in Plaintiff's Complaint—remand to the Social Security Administration and Judgment for Plaintiff. (ECF No. 1, 23.) Thus, before the judgment became final, the Court substantially granted Plaintiff's remedy. Accordingly, the Court finds the Joint Motion timely.

## III. DISCUSSION

Under the EAJA, a litigant is entitled to attorney's fees under the EAJA only if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A). Additionally, the net worth of the prevailing party must "not exceed $2,000,000 at the time the civil action was filed." 26 U.S.C. § 2412(d)(2)(B); *see also United States v. 88.88 Acres of Land*, 907 F.2d 106, 107 (9th Cir. 1990).

The Court will address each of the requirements in turn.

### A. Prevailing Party

"A plaintiff who obtains a sentence four remand" under 42 U.S.C. § 405(g), even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan*, 296 F.3d at 854 (citing *Schaefer*, 509 U.S. at 301–02). Here, the Court granted Plaintiff's merits brief, entered judgment in favor of Plaintiff, reversed the decision of the Commissioner, and remanded the matter for further administrative proceedings. (ECF No. 26.) Thus, Plaintiff is the prevailing party.

**B. Substantial Justification**

It is the Commissioner's burden to prove that his position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified under 28 U.S.C. § 2412(d)(1)(A). *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, the Commissioner makes no argument that his position was substantially justified. Rather, the instant fee request comes to the Court by way of a joint motion. (ECF No. 28.) *See Black v. Berryhill,* No. 18cv1673 JM (LL), 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2029) (finding the second element met "in light of the joint nature of the parties' request and the court's prior order remanding this action, the government has not shown that its position was substantially justified.") Accordingly, the Commissioner has not met his burden of showing his position was substantially justified or that special circumstances make an award unjust.

In their Joint Motion, the parties agree that "[t]his stipulation constitutes a compromise settlement of [Plaintiff's] request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise." (ECF No. 28 at 2.) However, such language does not change the nature or circumstances of the instant request. Despite this disclaimer, "the compromise nature of the request is sufficient to find the second element met, given that 'Defendant has stipulated to the attorney[] fees and does not argue that the prevailing party's position was substantially unjustified.'" *Dana F. v. Kijakazi,* No. 3:20-cv-01548-AHG, 2022 WL 542881, at *2 (S.D. Cal. Feb. 23, 2022) (quoting *Krebs v. Berryhill*, No. 16-CV-3096 JLS (BGS), 2018 WL

3064346, at *2 (S.D. Cal. Jun. 21, 2018)). Thus, the Court finds that Plaintiff meets the second requirement.

**C. Net Worth of the Prevailing Party**

The EAJA makes an individual ineligible for attorney fees if her "net worth exceeds $2,000,000 at the time the civil action was filed." 26 U.S.C. § 2412(d)(2)(B); *see also 88.88 Acres of Land*, 907 F.2d at 107. Here, Plaintiff asserted in an application to proceed in forma pauperis that her net worth was far below $2 million at the time of filing. (ECF No. 2.) Accordingly, Plaintiff meets the EAJA net worth requirement.[1]

**D. Reasonableness of Hours**

The parties seek an award of 19.1 hours billed by Plaintiff's counsel and 1.9 hours billed by Plaintiff's counsel's paralegal. (ECF No. 28-2 at 1.) The Court finds the number of hours billed by Plaintiff's counsel reasonable. *See* 28 U.S.C.§ 2412(d); *Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012) (reiterating that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees because the payoff is too uncertain. [] As a result, courts should generally defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case.") (internal quotation omitted).

Beginning with the attorney hours billed on this matter, Plaintiff's counsel lists a total of 19.1 hours of attorney work, 16.9 at a rate of $258.46 per hour and 2.2 at a rate of 266.26. (ECF No. 28-2 at 1.) "Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases." *Costa*, 690 F.3d at 1136; *see also Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."). The Court finds the 19.1 total hours billed by Plaintiff's counsel to be reasonable, especially in light of Plaintiff's results in the case. *See Darren Jeffrey C. v. Kijakazi*, No. 3:21-cv-01012-

[1] Counsel is cautioned that future EAJA applications to this Court must address net worth in the application.

AHG, 2022 WL 17826795, at *2 (S.D. Cal. Dec. 20, 2022) (finding 51.5 total hours requested reasonable where the Court granted the plaintiff's merits brief, reversed the decisions of the Commissioner, and remanded the matter for further proceedings).

Next, the Court turns to the asserted 1.9 hours of paralegal work on this matter.[2] (ECF No. 28-2 at 1.) Under the EAJA, attorney's fees "should not be awarded for work on merely clerical tasks," including when completed by paralegals. *See Missouri v. Jenkins*, 491 U.S. 274, 288 fn. 10 (1989). Purely clerical tasks include "filing, transcript, and document organization." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *see also Rosemary G. V. v. Saul*, No. 3:19-cv-00715-RBM, 2020 WL 6703123, at *4 (S.D. Cal. Nov. 12, 2020) ("Receipt of a court order or case filing is also clerical in nature.") (internal citations omitted). The Court finds that the time spent by Plaintiff's counsel's paralegal are compensable under the EAJA.

The Court determines that the 21 billed hours of attorney and paralegal time is reasonable. *See Darren Jeffrey C,* 2022 WL 17826795, at *2.

**E. Reasonableness of Hourly Rates**

The EAJA provides that courts may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The statutory maximum EAJA rate for attorney work performed in 2025 in the Ninth Circuit, factoring in increases in the cost of living, was $258.46. *See* UNITED STATES

---

[2] The following entries are entered as paralegal hours on this matter: (1) 5/27/2025, status letter to client, 0.3 hours; (2) 7/18/2025, status letter to client, 0.3 hours; (3) 12/29/2025, status letter to client, 0.3 hours; (4) 6/29/2026, status letter to client, 0.3 hours; (5) 9/1/2026, letter to client re remand scope and process, 0.4 hours; and (6) 9/9/2026, letter to AC re effectuation of judgment, 0.3 hours.

COURTS FOR THE NINTH CIRCUIT, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited November 9, 2026). Here, Plaintiff's counsel's hourly rate matches the Ninth Circuit's EAJA hourly rate exactly for 2025. (ECF No. 28-2 at 1.) For 2026, no revised rate has been posted and thus the 2025 rate will be used, per guidance. *See* UNITED STATES COURTS FOR THE NINTH CIRCUIT, *Statutory Maximum Rates Under the Equal Access to Justice Act*. Accordingly, the Court finds that the hourly rate billed by counsel is reasonable. *See Roland S. v. Saul*, No. 3:20-cv-01068-AHG, 2021 WL 4081567, at *3 (S.D. Cal. Sept. 7, 2021) (finding hourly rates consistent with the Ninth Circuit's EAJA rates to be reasonable).

The Court finds, however, that Plaintiff's paralegal rate is not reasonable. Plaintiff assigns an hourly rate of $200.00 for paralegal work. (ECF No. 28-2 at 1.) Under the EAJA, paralegal fees should be awarded at prevailing market rates. *Nadarajah*, 569 F.3d at 918. District courts in the Southern District of California have found an hourly rate of $143.00 reasonable for paralegals and have reduced paralegal rates that exceed $143.00 per hour. *See Deshawntha J. v. O'Malley*, No. 24-cv-00301-JLB, 2024 WL 3330602, at *2 (S.D. Cal. July 8, 2024) (reducing the requested paralegal rate from $179.00 per hour to $143.00 per hour for work performed by paralegal Enedina Perez, the same paralegal in the instant case); *Rudy T. v. O'Malley*, No. 24-cv-00719-JLB, 2024 WL 4469105, at *3 (S.D. Cal. Oct. 9, 2024) (reducing the requested paralegal rate of $179.00 per hour to $143.00 per hour); *Tammy G. v. Dudek*, No. 24-cv-01214-JLB, 2025 WL 1002476, at *3 (S.D. Cal. 2025) (reducing the requested paralegal rate of $179.00 per hour to $143.00 per hour). The Joint Motion provides no support or argument to support the $200.00 rate. Therefore, in accordance with the accepted local rate, the Court will reduce the paralegal rate to $143.00 per hour.

**F. Assignment of Rights to Counsel**

The parties jointly request that "fees shall be made payable to [Plaintiff], but if the Department of the Treasury determines that [Plaintiff] does not owe a federal debt, then

the government shall cause the payments of fees, expenses and costs to be made directly to [Plaintiff's attorney]." (EFC No. 28 at 2.) "[A] § 2412(d) fees award is payable to the litigant and is therefore subject to a [g]overnment offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). However, this "does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu v. Berryhill*, No. 17-cv-01087-GPC-JLB, 2018 WL 2012330, at *4 (S.D. Cal. Apr. 30, 2018). Here, Plaintiff assigned her EAJA fees to her attorney through the Law Offices of Lawrence D. Rohlfing, Inc., CPC. (ECF No. 28 at 2.) Therefore, if Plaintiff has no federal debt that is subject to offset, the award of fees and costs may be paid directly to attorney Lawrence D. Rohlfing pursuant to the assignment agreement and the parties' Joint Motion.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** the parties' Joint Motion. Considering the Court's reductions as described above, the Court **AWARDS** Plaintiff fees in the amount of $5,208.29, which is calculated as follows: 19.1 hours of attorney work at a rate of $258.46 per hour, for a product of $4,936.59; and 1.9 hours of paralegal work at a rate of $143.00 per hour, for a product of $271.70. This amounts to a **total** of $5,208.29.

Dated: November 9, 2026

Jill Burkhardt

Hon. Jill L. Burkhardt
United States Magistrate Judge